99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Lynne S. OTT, Robert L. Brockway, Jr., Plaintiffs-Appellants,
v.
EAST CENTRAL MENTAL HEALTH SERVICES, INC., Denis Olsen,
Executive Director, Defendants-Appellees.
 No. 95-7260.
 United States Court of Appeals, Second Circuit.
 Dec. 15, 1995.
 
 Lynne S. Ott, Pro Se, Guilford, CT, and Robert L. Brockway, Jr., Pro Se, East Haven, CT, for Appellant.
 Michele L. Strickland and James E. Swaine, Morrison & Swaine, New Haven, CT, for Appellee.
 D.Conn.
 AFFIRMED.
 Before CARDAMONE, WALKER and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is hereby AFFIRMED.
 
 
 3
 Plaintiffs-Appellants, Lynne Ott and Robert Brockway served as members of the Board of Directors ("the Board") of East Central Mental Health Services ("ECMHS"). They were also the recipients of mental health treatment by ECMHS. Ott and Brockway voluntarily resigned from the Board on October 8, 1991, yet continued to receive mental health treatment from ECMHS after that date. Subsequent to Ott and Brockway's resignation from the Board, ECMHS adopted a policy of excluding those receiving its treatment from serving on the Board.
 
 
 4
 Ott and Brockway, appearing pro se, commenced an action on October 21, 1994. Through their initial complaint as well as several amended pleadings, they alleged violations of the following: (1) 29 U.S.C. § 794(a), the "nondiscrimination under federal grants and programs" statute which, in relevant part, provides that "No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service;" (2) the Rehabilitation Act of 1973, 29 U.S.C. § 791; (3) the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; (4) the Fourteenth Amendment to the United States Constitution; and (5) the Connecticut summary process eviction statute, Conn. Gen.Stat. § 47a-23a, and the Connecticut statutory provision relating to landlord rules and regulations, Conn. Gen.Stat. § 47a-9.
 
 
 5
 ECMHS and its director, Defendants-Appellees, moved, pursuant to Federal Rule of Civil Procedure 12(b), to dismiss Plaintiffs-Appellants' complaint for lack of standing, lack of jurisdiction, and failure to state a claim upon which relief can be granted. On February 23, 1995, the district court granted the motion to dismiss in its entirety. The district court based its decision to dismiss on the fact that Ott and Brockway left the Board voluntarily before the allegedly offensive policy was adopted. The district court found that Plaintiffs-Appellants lacked standing to bring a claim for violation of 29 U.S.C. § 794(a) because they had not satisfied the requirements of Allen v. Wright, 468 U.S. 737 (1984). Specifically, they had not demonstrated any actual or threatened injury to themselves that was fairly traceable to the allegedly unlawful conduct by Defendants-Appellees that was likely to be redressed by the requested relief. The district court also found that Plaintiffs-Appellants failed to allege facts that would bring the alleged activities of Defendants-Appellees within the framework of "state action" and therefore were not entitled to due process protection under the Fourteenth Amendment. Finally, the district court found that it lacked jurisdiction over a state summary process matter brought pursuant to Connecticut law and therefore dismissed Plaintiffs-Appellants' summary process eviction claim.
 
 
 6
 Substantially for the reasons stated in the district court's order, we affirm the judgment granting Defendants-Appellees' motion to dismiss.